**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

DONALD F. PARSONS, JR.
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: April 2, 2015
Date Decided: May 15, 2015

John A. Sergovic, Jr., Esq.
Sergovic, Carmean & Weidman, P.A.
142 East Market Street
P.O. Box 751
Georgetown, DE 19947-0751

John H. Newcomer, Jr., Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

RE:   *Tumulty v. Schreppler, et al.*
      *C.A. No. 5948-VCP*

Dear Counsel:

On March 30, 2015, this Court issued its post-trial Opinion (the "Opinion")[1] in which I concluded that Defendant, James Schreppler, had satisfied the standard for adverse possession and, therefore, the Property[2] legally belonged to him. On April 6, 2015, Plaintiffs timely moved for reargument pursuant to Court of Chancery Rule 59(f) (the "Motion"). Schreppler opposed the Motion on April 9.

---

[1]   *Tumulty v. Schreppler*, 2015 WL 1478191 (Del. Ch. Mar. 30, 2015).

[2]   Capitalized terms not otherwise defined herein have the same meaning as in the Opinion.

To prevail on a motion for reargument under Rule 59(f), the moving party must demonstrate either that the Court overlooked a decision or principle of law that would have controlling effect or that the Court misapprehended the facts or the law such that the outcome of the decision would be different.[3] To justify reargument, a misapprehension of the facts or the law must be both material and outcome-determinative of the earlier decision.[4] Mere disagreement with the Court's resolution of a matter is not sufficient, and the Court will deny a motion for reargument that does no more than restate a party's prior arguments.[5]

In their Motion, Plaintiffs contend that the Opinion contains a "critical misapprehension of fact upon which the Court heavily relied."[6] Specifically, Plaintiffs challenge the factual basis for the Court's finding that Schreppler

---

[3] *See, e.g.*, *Preferred Invs., Inc. v. T&H Bail Bonds*, 2013 WL 6123176, at *4 (Del. Ch. Nov. 21, 2013); *Medek v. Medek*, 2009 WL 2225994, at *1 (Del. Ch. July 27, 2009); *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007).

[4] *See, e.g.*, *Preferred Invs.*, 2013 WL 6123176, at *4; *Aizupitis v. Atkins*, 2010 WL 318264, at *1 (Del. Ch. Jan. 27, 2010); *Medek*, 2009 WL 2225994, at *1.

[5] *See, e.g.*, *Preferred Invs.*, 2013 WL 6123176, at *4; *In re Mobilactive Media, LLC*, 2013 WL 1900997, at *1 (Del. Ch. May 8, 2013); *Brown v. Wiltbank*, 2012 WL 5503832, at *1 (Del. Ch. Nov. 14, 2012).

[6] Pls.' Mot. ¶ 1.

established the second campsite in 1988.[7]   Plaintiffs contend that neither the trial testimony nor any other evidence in the record supports this finding, and that other evidence actually undermines the Court's determination.   Schreppler contests each of these points.

Initially, I note that Plaintiffs' challenge to the 1988 date appears to be a new argument.   None of the cross-examination of Schreppler challenged the year in which he claimed to have established the second camp.[8]   Indeed, Plaintiffs referenced the 1988 date in their own post-trial briefing.[9]   "Motions for reargument or alteration of judgment are not the appropriate method for a party to raise new arguments that it failed to present in a timely way."[10]   Because Plaintiffs did not challenge the accuracy of the 1988 date until they sought reargument, that delay is a sufficient reason on its own to deny the Motion.

In addition, I reject on the merits Plaintiffs' argument that I misapprehended the underlying facts.   Schreppler testified at trial: "Later, I put in another camp a little bit east, on a peninsula, in 1988, I think it was, near the

---

[7]   *Tumulty*, 2015 WL 1478191, at *3.

[8]   *See* Tr. 641-42 (cross-examining Schreppler generally about the campsites).

[9]   Pls.' Post-Trial Opening Br. 31 ("The second overnight campsite was placed to the east on a peninsula in 1988." (citing Tr. 597, which is the same testimony the Court relied upon)).

[10]   *Anvil Hldg. Corp. v. Iron Acq. Co.*, 2013 WL 4447840, at *3 (Del. Ch. Aug. 16, 2013).

duck season."[11]   Plaintiffs assert that the phrase "I think it was" undermines the accuracy of the 1988 date and shows it was only a guess.   Aside from being a turn of phrase, it is not clear that the words "I think it was" modify the date Schreppler provided.   As one would expect, witnesses generally do not testify in a way that eliminates any doubt as to how their sentences should be punctuated. Rather, punctuation is added by the Court reporters based on their understanding of what is most appropriate in the circumstances.   At trial, I understood Schreppler's testimony to mean that he installed the second camp in 1988 and that, within 1988, he thought it was near duck season.[12]   This reading is supported by Schreppler's deposition testimony, which included a diagram listing the second campsite as having been established in 1988.[13]   Before filing their Motion, Plaintiffs also appear to have interpreted the disputed testimony in this same manner.[14]   Thus, there is ample support in the record for the 1988 determination.

Finally, Plaintiffs contend that the trial testimony of Joseph Phillips, Jr. contradicts Schreppler's testimony, because of Phillips's reference to having

---

[11]   Tr. 597.

[12]   This interpretation reads Schreppler's testimony as: "Later, I put in another camp . . . in 1988, I think it was near the duck season."

[13]   JX 74 (Schreppler Dep. Ex. 1).

[14]   Pls.' Post-Trial Opening Br. 31 (citing Tr. 597).

"mov[ed]" the main camp.[15] Phillips's testimony on this issue was muddled. Based on that testimony, however, I found that the "main camp"—which was the 1986 camp established on the Adjacent Parcel—was reestablished in another location after Schreppler acquired a lot in Deere Country sometime after the start of this litigation in 2010.[16] Furthermore, I gave Phillips's testimony almost no weight on this issue, because he had not been on the Property since 1989 or 1990 and his testimony regarding the "relocation" of the "main camp" was based entirely on what Schreppler told him.[17]

In general, asking a court to re-weigh evidence that it considered in rendering a decision is not a proper basis for seeking reargument. "Weighing the credibility of testimony is the Court's responsibility. Disagreement with the Court's credibility determinations is not a basis for reargument."[18] Moreover, nothing in Phillips's testimony or the other evidence relied upon in Plaintiffs' Motion causes me to doubt the credibility of Schreppler's testimony or question whether the second campsite was established in 1988.

---

[15]    Tr. 569-70.

[16]    Tr. 628-29 (Schreppler: commenting on his acquisition of a lot in Deere Country).

[17]    *Id.* at 571 (Phillips).

[18]    *Zutrau v. Jansing*, 2014 WL 6901461, at * 6 (Del. Ch. Dec. 8, 2014).

In sum, Plaintiffs have not shown that I misapprehended any critical facts in reaching the decision reflected in the Opinion. Accordingly, the Motion is denied.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp